UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRAUNER INTERNATIONAL CORPORATION

Plaintiff,

-v-

IP TRADING LLC and IP TRADING FLORIDA LLC,

Defendants.

Case No.:

**COMPLAINT**

---

Plaintiff, Brauner International Corporation ("Brauner"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against defendants, IP Trading LLC and IP Trading Florida LLC (collectively, "IP"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment against IP.  Brauner seeks a judgment declaring that (i) Brauner's terms and conditions of service ("Terms & Conditions") apply to a dispute between Brauner and IP and that (ii) the Terms & Conditions bar IP from commencing any suit against Brauner for its claim arising out of the classification and entry of IP's merchandise into the United States as any such suit was to be filed and served on Brauner within seventy five (75) days from the date of liquidation of the entries, or, in the alternative, (iii) the Terms & Conditions limit Brauner's liability to a maximum of $100 per entry for any damages claimed by IP for alleged wrongdoing by Brauner in its performance of customs business as it relates to the classification and entry of IP's merchandise into the United States.

## PARTIES, JURISDICTION, AND VENUE

2.      Brauner is a corporation formed and existing under the laws of the State of New Jersey with a principal place of business in Jersey City, New Jersey.  It is a licensed customs

brokerage that provides U.S. Customs and Border Protection ("CBP") entry services on behalf of importers for their merchandise.

3.     Upon information and belief, defendant, IP Trading LLC, is a limited liability company formed and existing under the laws of the State of New York with a principal place of business in New York, New York. The members of IP Trading, LLC are Irma Panchernikov and Ilya Panchernikov, who are individuals residing in the State of Florida.

4.     Upon information and belief, defendant, IP Trading Florida LLC, is a limited liability company formed and existing under the laws of the State of Florida with a principal place of business in Miami, Florida. The sole member of IP is Panchernikov Family Trust, LLC, a limited liability company formed and existing under the laws of the State of Florida with a principal place of business in Sunny Isles Beach, Florida. The members of Panchernikov Family Trust, LLC are Irma Panchernikov and Ilya Panchernikov, who are individuals residing in the State of Florida.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     Venue is proper as the forum selection clause of the Terms & Conditions, a true and accurate copy of which is attached hereto as **Exhibit A**, states that New York law governs this matter, Brauner and IP have irrevocably consented to the jurisdiction of the United States District Courts of the State of New York, and any action relating to the services performed by Brauner must be brought in the Southern District of New York. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(b)(3) as one or more of the defendants are subject to this Court's personal jurisdiction.

## BACKGROUND FACTS

7.      Brauner was engaged by IP to conduct various import activities on behalf of IP, including the importation of a new product of frozen pastries (the "Pastries").

8.      On March 20, 2023, Brauner forwarded to IP the *Customs Power of Attorney/Designation as Export Forwarding Agent and Acknowledgement of Terms & Conditions* that includes the Terms & Conditions (the "POA"). True and accurate copies of the email (with redactions) with attachments, including the POA, are attached hereto as **Exhibit B**.

9.      On March 20, 2023, as part of the engagement of Brauner, defendant, IP Trading LLC, executed the POA, which grants to Brauner various rights to perform acts on IP Trading LLC's behalf and acknowledges IP Trading LLC's receipt of the Terms & Conditions governing all transactions between IP Trading LLC and Brauner.  IP Trading LLC, forwarded a copy of the executed POA by email to Brauner on March 20, 2023. True and correct copies of the email (with redactions) with the signed POA (with redactions), are attached hereto as **Exhibit C-1**.

10.     On March 22, 2023, as part of the engagement of Brauner, defendant, IP Trading Florida LLC, executed the POA, which grants to Brauner various rights to perform acts on IP Trading Florida LLC's behalf and acknowledges IP Trading Florida LLC's receipt of the Terms & Conditions governing all transactions between IP Trading Florida LLC and Brauner.  IP Trading Florida LLC forwarded a copy of the executed POA by email to Brauner on March 23, 2023. True and correct copies of the email with attachments (with redactions), including the POA, are attached hereto as **Exhibit C-2**.

11.     In or about February 2024 – July 2024, Brauner provided CBP entry services on behalf of IP for the import of twenty-nine shipments of Pastries (the "Imports"). A true and

3

accurate copy of the liquidation report (with redactions) that identifies each of the Imports is attached hereto as **Exhibit D**.

12.     At the time of entry, the Pastries were entered under the Harmonized Tariff Schedule of the United States ("HTSUS") 1905.90.1041.

13.     Classifications of the Imports under HTSUS 1905.90.1041 were consistent with IP's entry documentation, including the commercial invoice.

14.     Brauner issued invoices for the customs business services provided on behalf of IP for the Imports (the "Invoices"), which were paid by IP.  The Invoices notified IP that the Terms & Conditions applied to all services provided to IP by Brauner.  True and correct copies of the Invoices (with redactions) are attached hereto as **Exhibit E**.

15.     Following entries, IP was informed by CBP that the liquidated IP entries for the Imports had been misclassified.

16.     Unbeknownst to Brauner, the Pastries were raw and therefore were subject to a higher duty rate under Heading 1901. While IP knew the Pastries were raw and that it had an affirmative obligation to disclose the condition of the Pastries under 19 U.S.C. § 1484 and the Terms & Conditions, it remained silent and failed to disclose this fact to Brauner and CBP.

17.     Despite IP's failure to disclose the condition of the Pastries, after an intensive review of additional information, CBP determined the Pastries were raw/uncooked and were classifiable under HTSUS 1901.90.7100 (and not under HTSUS 1905.90.1041) at 23.7 cents/kg and 8.5% *ad valorem*.

18.     CBP issued IP notices of action levied against IP for misclassifications of the Imports.

19.     On October 20, 2025, IP sent a notice of claim to Brauner claiming that it had been damaged by the act of Brauner utilizing an incorrect HTSUS code for entry of the Pastries that resulted in additional duties and interest on the Imports ("Notice of Claim"). Accordingly, IP sought damages in the amount of $288,509.43. A true and correct copy of the Notice of Claim is attached hereto as **Exhibit F**.

20.     Since then, IP has threatened to file suit against Brauner for its claim.

21.     Brauner's customs business services, specifically, the classification and entry of the Imports, are governed by the Terms & Conditions, which were made a part of the POA, and, at all pertinent times, were made available to IP on Brauner's website (available at: https://braunerintl.com/ and https://braunerintl.com/wp-content/uploads/2026/05/2309-Brauner-International-Terms-and-Conditions.pdf):

> Work performed by Brauner International subject to NCBFAA Terms and Conditions downloadable here.

A true and accurate copy of the Terms & Conditions available on Brauner's website is attached hereto as **Exhibit G**.

22.     The Terms & Conditions provide that all suits against Brauner for claims arising out of the preparation and/or submission of import entries must be filed and properly served on Brauner within seventy-five (75) days from the date of liquidation of the entries.

23.     The entries of the Imports were liquidated by CBP on or between November 15, 2024 and March 14, 2025. True and accurate copies of search results for dates of liquidation for each of the Imports are attached hereto as **Exhibit H**.

24.     Accordingly, all suits against Brauner for claims arising out of the classification and entry of the Imports had to be filed and served on Brauner on or between January 29, 2025

and May 28, 2025. Despite threats, suit has yet to be filed and served on Brauner. Therefore, IP is barred from commencing a suit against Brauner for its claim or any other claim arising out of the classification and entry of the Imports.

25.    IP disputes that it is barred from commencing a suit against Brauner for its claim as the Notice of Claim was not issued by IP until October 20, 2025, which was well after the deadline to file suit against Brauner, and IP has since threatened to file suit against Brauner, which gives rise to an actual controversy between Brauner and IP.

26.    The Terms & Conditions also provide that Brauner's maximum liability in connection with all services it performed for IP, both "customs business" and otherwise, is $100 per entry. However, IP seeks $288,509.43, which is in excess of the maximum liability of Brauner under the Terms & Conditions.

27.    IP also disputes that Brauner's liability for its claimed damages is limited by the Terms & Conditions as it has demanded an amount that is significantly higher than the liability limitation established by the Terms & Conditions, which also gives rise to an actual controversy between Brauner and IP.

28.    This action is, therefore, necessary for Brauner to obtain a declaration by this Court that the Terms & Conditions apply to the claim of IP and that the Terms & Conditions bar any suit against Brauner for its claim, or in the alternative, limits Brauner's liability to a maximum of $100 per entry for any damages claimed by IP.

## FOR THE FIRST CAUSE OF ACTION

### (Declaratory Judgment)

29.    Brauner reincorporates and re-alleges paragraphs 1-28, inclusive, as if fully set forth herein.

6

30.    An actual controversy exists between Brauner and IP as to whether IP is barred by the Terms & Conditions from commencing a suit against Brauner for its claim arising out of the classification and entry of IP's merchandise into the United States.

31.    Pursuant to 28 U.S.C. Section 2201, Brauner seeks a declaration from the Court that IP is barred from commencing a suit against Brauner for its claim or any other claim arising out of the classification and entry of the Imports as established by the Terms & Conditions.

## FOR THE SECOND CAUSE OF ACTION

### (Declaratory Judgment)

32.    Brauner reincorporates and re-alleges paragraphs 1-31, inclusive, as if fully set forth herein, which is pled in the alternative to the First Cause of Action.

33.    In the event the Court determines that IP is not barred from commencing a suit against Brauner, an actual controversy exists between Brauner and IP as to whether the Terms & Conditions limit Brauner's potential liability to IP to a maximum of $100 per entry.

34.    Pursuant to 28 U.S.C. Section 2201, Brauner seeks a declaration from the Court that its liability for the claim of IP is limited to a maximum of $100 per entry of the Imports as established by the Terms & Conditions.

**WHEREFORE**, plaintiff, Brauner International Corporation, prays for judgment against the defendants, IP Trading LLC and IP Trading Florida LLC, as follows:

1. On the First Cause of Action against defendants, IP Trading LLC and IP Trading Florida LLC, a declaration by the Court that IP is barred from commencing a suit against Brauner for its claim or any other claim arising out of the classification and entry of the Imports as established by the Terms & Conditions, together with the attorney's fees, costs, and disbursements of this action;

7

2. On the Second Cause of Action against defendants, IP Trading LLC and IP Trading Florida LLC, in the alternative to the First Cause of Action, a declaration by the Court that Brauner's liability for the claim of IP is limited to a maximum of $100 per entry of the Imports as established by the Terms & Conditions, in the amount to be determined at trial, together with the attorney's fees, costs, and disbursements of this action; and

3. For such other and further relief as this Court may deem just and proper.

Dated: June 30, 2026
New York, New York

CASEY & BARNETT LLC
*Attorneys for Plaintiff*

By: _____
Teresa H. Dooley
305 Broadway, Suite 1202
New York, New York  10007
(212) 286-0225

8