# EXHIBIT F



# THE PREGEN FIRM

401 E Las Olas Blvd, Ste 1400, Fort Lauderdale, FL 33301
T: (954) 712-7416 │ E: Ari@thepregenfirm.com │ W: www.thepregenfirm.com

October 20, 2025

**VIA E-MAIL**
wbrauner@braunerintl.com

**VIA UPS**
Brauner International Corporation
c/o William Brauner
66 York Street, Suite 501
Jersey City, NJ 07302

| | |
|---|---|
| **RE:** | **IP Business Relations with Brauner International Corp.** |
| **File No.:** | **25-784** |

To Whom it May Concern:

My law firm represents IP Trading Florida, LLC ("IP") as it relates to certain business conducted with Brauner International Corp. ("Brauner"). Specifically, IP engaged Brauner to oversee and conduct various import activities on its behalf. More specifically, IP wrote to William Brauner advising that it was considering importing a new product; to wit frozen pastries. IP further inquired whether there would be any tariff associated with said importation.

Ultimately, Brauner responded that the HTS number applicable for the product(s) IP desired to import was 1905.90.10.41. Brauner explained that "1905.90.10.41 is free of duty but also makes reference to (11/)- This 11/ is a link to page 23 of Chapter 19-which makes reference to HTS # 9903.88.03. HTS #9903.88.03 only applies to goods if the country of origin in China there is an additional 25% of duty to be applied. The additional 25% of duty for goods from China does not apply to your shipments as they do not have a country of origin of China. The HTS applicable is 1905.90.10.41 and is FREE of duty."

Based on these representations, the HTS codes you dictated should be used were indeed utilized. Subsequently, IP began receiving notices of action levied against it due to the plain fact that the HTS codes you utilized for IP's frozen pastry imports were wrong; IP's imports were most certainly not duty free.

IP relied on you to uphold your fiduciary duties to it and represent its best interests. Due to your

failure to properly represent IP, my client has suffered substantial damages. Rather than doing the legally proper thing, much less the right thing and making IP whole, you have doubled down on your insistence that you reported the correct HTS codes.  In furtherance of your misplaced and false insistence, you wrote to IP and attached a document from December 2011 wherein a company called Emmi USA Inc. sought a tariff classification ruling concerning certain products intended for import into the United States.

Emmi USA sought a ruling concerning certain frozen dessert products for import from Italy. The ruling made was that the appropriate HTS code for the products was HTS code 1905.90.10.41. Apparently, you believe this ruling supports your utilization of the HTS code(s) subject to the notices of action received by IP. It does not. The products subject to Emmi USA Inc.'s ruling were fully or partially prepared frozen goods whereas the frozen pastry (Danish) products IP sought to import were raw. As such, 1905.90.10.41 does not apply.

Disturbingly, you knew that raw products were not covered by HTS 1905.90.10.41. Not only did you have prior experience with entries of the specific Mette Munk products my client imported, but you even wrote to IP advising of an applicable tariff on a separate inquiry IP had made for frozen and raw pastry products to wit frozen raw croissants.

Brauner's failures constituted a clear breach of its duties, fiduciary and otherwise. Please know that a customs broker can be held liable to an importer for incorrectly advising on HTS codes, particularly when the importer justifiably relies on the broker's specific, definitive advice. This notion has been upheld and buttressed by a litany of cases including *United States v. Trek Leather, Inc., and Harish Shadadpuri*, 781 F. Supp.2d 1306, and *U.S. v. 25 Packages of Panama* Hats, 231 U.S. 358 (1913). Here, there is no doubt that IP justifiably relied on Brauner's specific and definitive advice concerning the correct HTS codes.

Due to Brauner's breaches, IP suffered damages totaling $288,509.43. Please consider this IP's formal demand for payment by Brauner of $288,509.43. Said payment is to be made within twenty-one (21) calendar days of your receipt of this letter.

Should payment not be made, and you instead choose to escalate this matter further, my client has authorized me to file suit against you sounding in breach of fiduciary duty, breach of contract, negligence, and other appropriate causes of action. Additionally, should my client be found to be the prevailing party, you will also be responsible for reimbursement of reasonable attorney's fees and costs.

**Please be governed accordingly.**

Sincerely,

*/s/ Ari Pregen*

Ari G. Pregen, Esq.
For the Firm